```
BRYAN CAVE LLP (No. 00145700)
Lawrence G. Scarborough (No. 6965) (lgscarborough@bryancave.com)
Meridyth M. Andresen (No. 21657) (mmandresen@bryancave.com)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone:  (602) 364-7000
```

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John C. Johnson; Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>First American Title Insurance Company,<br><br>    Defendant. | No. _____<br><br>NOTICE OF REMOVAL |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant, First American Title Insurance Company ("First American"), hereby removes to this Court the state court action described below pursuant to 28 U.S.C. § 1332. First American states the following grounds in support of removal:

**PROCEDURAL HISTORY**

1. Plaintiffs, John C. Johnson, Daniel Perez, and Elizabeth Perez ("Plaintiffs"), filed a Complaint in the Superior Court in Maricopa County, Arizona entitled <u>John C. Johnson, Daniel Perez and Elizabeth Perez on behalf of themselves and all individuals similarly situated vs. First American Title Insurance Company</u>, Case No. CV2008-012041. (Copies of the Class Action Summons, Certificate of Compulsory Arbitration, and Class Action Complaint served upon First American are attached hereto as Exhibit 1). No other pleadings have been filed in the state court.

2. Plaintiffs served the Complaint on the State of Arizona Department of Insurance on May 27, 2008. The Department of Insurance forwarded the Complaint to First American on June 2, 2008.

## THE CLASS ACTION COMPLAINT

3. In the Complaint, Plaintiffs allege: (i) Mr. Johnson paid $ 414.00 for a lender's policy of title insurance from First American in connection with his refinancing of a home mortgage in 2003; (ii) Mr. and Mrs. Perez paid $1,508.00 for a lender's policy of title insurance from First American in connection with their refinancing of a home mortgage in 2005; (iii) Plaintiffs were entitled to receive a discount on the policy premium known as a "Refinance Rate" for the lender's policy of title insurance; and (iv) First American knew Plaintiffs were entitled to the discounted "Refinance Rate," but instead charged them the higher "Basic Insurance Rate for an Extended Loan Policy." [See Complaint ("Comp."), ¶¶ 42-47)

4. Plaintiffs further allege that First American reserved to itself "plenary discretion" in its Rate Manual to apply the Refinance Rate in any particular transaction and that, in exercising that discretion in their transactions and those of putative class members, First American unfairly discriminated against them. [Id., ¶¶ 48-50]

5. Plaintiffs allege that First American's conduct was a "pattern" of "acts, practices and conduct" that "commonly affect" "thousands of individuals" in Arizona. [Id., ¶¶ 29, 31 and 34]

6. Plaintiffs bring two causes of action against First American including: (i) unfair discrimination in violation of A.R.S. § 20-448(C); and (ii) unjust enrichment. [Id., ¶¶ 56-66]

7. Plaintiffs seek to represent a putative class of "all residential consumers in Arizona who: (a) paid premiums for the purchase of title insurance from First American in connection with refinance transactions; (b) qualified for the Refinance Rate; and (c) did not receive the Refinance Rate." [Id., ¶ 31]

1  8. For relief, Plaintiffs seek, for themselves and the putative class, compensatory and punitive damages, all expenses, costs and attorneys' fees, and declaratory and injunctive relief that First American is required to identify and notify all residential customers who pay title insurance premiums of the conditions to qualify for the Refinance Rate.  [Id., Prayer for Relief, ¶¶ A-G).

## THE CLASS ACTION FAIRNESS ACT

9. Congress passed the Class Action Fairness Act in February 2005 to "expand substantially federal court jurisdiction over class actions."  28 U.S.C. § 1453.  Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed.  See S. Rep. No. 109-14 at 43 (2005).  The Act was passed with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court."  Id.; see also H. Rep. No. 108-144 at 37-39 (2003); H. Rep. No. 109-7 (2005).

10. Pursuant to the Class Action Fairness Act, when the number of putative class members defined in the Complaint exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); 28 U.S.C. § 1332(d)(5)(B).

11. The Class Action Fairness Act permits a district court to decline jurisdiction of a case only if the requirements of § 1332(d)(3) or § 1332(d)(4) are satisfied.  Neither section, however, is applicable here.

## THE COURT HAS ORIGINAL JURISDICTION OF THIS CASE

12. The requirements for this Court's exercise of jurisdiction are clearly and unequivocally satisfied in this case.

13. The named Plaintiffs are all citizens of the State of Arizona.  [Comp., ¶ 24]

14. The putative class whom the named Plaintiffs seek to represent is defined as similarly situated owners of residential property in Arizona who were allegedly overcharged. [Id., ¶ 31]

15. First American, the sole defendant in this action, is a citizen of the State of California where it is incorporated and where it has its principal place of business. [See Declaration of David Terrill ("Terrill Decl."), ¶ 2, attached to this Notice of Removal as Exhibit 2]

16. Consequently, the members of the class are citizens of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

17. There are clearly more than 100 putative class members. In fact, Plaintiffs allege that there are "thousands" of members of the class. [Comp., ¶ 34] Thus, the requirement of 28 U.S.C. § 1332(d)(2) is satisfied. 28 U.S.C. § 1332(d)(5)(B).

18. The alleged damages also clearly exceed $5,000,000. Plaintiffs fail to specify a class period. [Comp., ¶¶ 29-41] Four years is the longest statute of limitations potentially applicable to Plaintiffs' claims, so for purposes of this Notice of Removal, First American assumes a class period of four years. Since May 27, 2004, First American and its agents issued at least 521,046 lender's title insurance policies to customers in the State of Arizona. [Terrill Decl., ¶¶ 4-6]

19. Although Plaintiffs claim that they were charged the "Basic Insurance Rate" but were entitled to receive the "Refinance Rate" on a lender's policy (i.e., mortgage policy), they seek to represent a more broadly defined class of First American customers who allegedly were entitled to the "Refinance Rate" but paid any other premium "for the purchase of title insurance" from First American in a refinance transaction. [Comp., ¶¶ 44, 47 and 31]

20. Plaintiffs allege that First American's purported practice of charging customers a "Basic Insurance Rate" when it knew they were entitled to the "Refinance Rate" was a "pattern" of "acts, practices and conduct" that affected "thousands of individuals" in Arizona. [Id., ¶¶ 29, 31 and 34]

4

21. Based on the number of lender's policies issued by First American in the State of Arizona during the class period assumed for purposes of this Notice of Removal, it is clear that the $5,000,000 amount in controversy is satisfied.

22. Based on the filed rates in effect at the time of their transaction, Plaintiffs Perez assert that they were overcharged by $527.80 for a lender's policy of title insurance issued by First American (i.e., application of the Refinance Rate would have discounted their $1,508.00 premium by 35%). [Comp., ¶ 47]  Plaintiff Johnson asserts that he was overcharged by $144.90 (i.e., application of the Refinance Rate would have discounted his $414.00 premium by 35%). [Id., ¶ 44]  The average of these two alleged overcharges is $336.35.  Plaintiffs also allege that their claims are typical and representative of other class members. [Id., ¶ 36]  If the average damages per class member approximate the $336.35 average alleged by the named Plaintiffs, a putative class of only 14,866 persons would satisfy the amount in controversy under the Class Action Fairness Act.  If only 2.9% of the estimated 521,046 lender's policies (at minimum) issued by First American in Arizona during the class period assumed for purposes of this Notice of Removal meets the class definition, then the $5,000,000 amount in controversy is satisfied.

23. While First American does not concede that a class can be certified or that 15,000 persons were overcharged, the class Plaintiffs seek to represent shows that, at a minimum, it is more likely than not that "the matter in controversy exceeds the sum of $5,000,000 . . . ." 28 U.S.C. § 1332(d)(2)(A) and § 1332(d)(2)(B).

24. Moreover, when a complaint seeks punitive damages as here, they are properly considered in determining whether the jurisdictional amount in controversy has been satisfied. Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993); see also Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001); A.F.A. Tours, Inc. v. Whitechurch, 937 F.2d 82, 87 (2d Cir. 1991); Klepper v. First. Am. Bank, 916 F.2d 337, 341 (6th Cir. 1990).

25. Even if it could be said that there was a slight doubt as to whether the amount in controversy requirement is satisfied (which it cannot), the legislative history of the Class

5

1  Action Fairness Act indicates that this Court should exercise its jurisdiction: "[I]f a federal
2  court is uncertain about whether 'all matters in controversy' in a purported class action 'do
3  not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of
4  exercising jurisdiction over the case." S. Rep. No. 109-14 at 42.

5       26.    This Complaint was originally filed in the State of Arizona. Because First
6  American is not a citizen of Arizona, the State in which the action was originally filed, the
7  district court does not have any grounds to decline jurisdiction under the Class Action
8  Fairness Act. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A), and 1332(d)(4)(B).

## REMOVAL IS PROPER

10      27.    This Notice of Removal is filed within thirty days of May 27, 2008, when the
11 Department of Insurance was first served on First American's behalf with the Complaint and
12 summons. Thus, it is timely.

13      28.    The United States District Court for the District of Arizona, embraces the
14 county and court in which Plaintiffs filed this case. Therefore, this action is properly
15 removed to the District of Arizona, pursuant to 28 U.S.C. §§ 105(a), 1441(a).

16      29.    Contemporaneously with the filing of this Notice of Removal, written notice
17 has been served on the Plaintiffs through their counsel and a copy of this Notice of Removal
18 has been filed with the Superior Court for Maricopa County, Arizona.

19      30.    This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure
20 11, as required by Local Rule 3.7.

21 . . .
22 . . .
23 . . .

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

6

| | |
|---|---|
| 1 | DATED this 26th day of June, 2008. |
| 2 | BRYAN CAVE LLP |

By  s/ Meridyth M. Andresen
   Lawrence G. Scarborough
   Meridyth M. Andresen
   Two North Central Avenue, Suite 2200
   Phoenix, Arizona 85004-4406

Attorneys for Defendant

COPIES of the foregoing mailed
this 26th day of June, 2008, to:

Andrew S. Friedman
Garrett W. Wotkyns
BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
2901 North Central Avenue
Suite 1000
Phoenix, Arizona 85012

Gary Klein
RODDY KLEIN & RYAN
727 Atlantic Avenue
Second Floor
Boston, Massachusetts 02111

Attorneys for Plaintiffs

 s/ Meridyth M. Andresen 

618018

**VERIFICATION**

I, Meridyth M. Andresen, declare and state:

1. I am a licensed attorney currently in good standing to practice in the state of Arizona and before this Court.

2. I am an associate at Bryan Cave LLP, Two North Central Avenue, Suite 2200, Phoenix, Arizona 85004 and am one of the counsel representing First American Title Insurance Company in this action.

3. The Class Action Summons, the Certificate of Compulsory Arbitration and the Class Action Complaint attached to the Notice of Removal as Exhibit 1 are true and complete copies of all pleadings and other documents filed in the state court proceeding.

4. I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Dated this 26th day of June, 2008.

                                s/ Meridyth M. Andresen
                                Meridyth M. Andresen