**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated, | No. CV-08-1184-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| First American Title Insurance Company, | |
| Defendant. | |

Plaintiffs have filed a motion to strike Defendant First American Title Insurance Company's amended answer and affirmative defenses. Dkt. #158. Defendant opposes the motion (Dkt. #159) and has filed a motion to modify the Court's second case management order and for leave to file a second amended answer so that it may resolve concerns raised in Plaintiffs' motion to strike. Dkt. #161. Plaintiffs do not oppose the motion to amend except to the extent it seeks to bifurcate affirmative defenses between those asserted against the named plaintiffs and those asserted against class members. Dkt. #163.

The Court will grant the motion to modify the second case management order and for leave to file a second amended answer. Dkt. #161. Because the second amended answer provides more factual support for affirmative defenses and deletes some clearly insufficient defenses, the Court will deny Plaintiffs' motion to strike. Dkt. #158. Further rulings on the affirmative defenses are not needed at this stage of the litigation.

The Court will permit the amended order to be filed as currently drafted. The Court

recognizes that the named plaintiffs represent the class and that defenses must be asserted against them, and not against class members individually, on all class issues. The Court cannot determine at this point, however, whether litigation of individual class member issues will be required after all class issues have been resolved, and therefore will not preclude Defendant from bifurcating their affirmative defenses against the class members.[1] This decision portends no departure from the class litigation procedures of Rule 23.

The Court notes that the more than 50 pages of briefing on these issues have largely been an exercise in shadow boxing. The applicability and sufficiency of affirmative defenses will be far more relevant at the summary judgment and trial stages of this case.

**IT IS ORDERED:**

1. Plaintiffs' motion to strike (Dkt. #158) is **denied** as moot.
2. Defendant's motion to modify the second case management order and for leave to file a second amended answer and affirmative defenses (Dkt. #161) is **granted**.

DATED this 2nd day of February, 2010.

David G. Campbell
United States District Judge

---

[1] The Court notes that the two cases cited by Plaintiffs – *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004) and *In re HealthSouth Corp. Secs. Litigation*, Nos. CV-03-BE-1500-S, CV-03-BE-1501-S, CV-03-BE-1502-S, 2009 WL 3152226, *9 (N.D. Ala. Sept. 30, 2009) – do not address the pleading of affirmative defenses