**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated, | No. CV-08-1184-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| First American Title Insurance Company, | |
| Defendant. | |

In September 2005, Plaintiffs Daniel and Elizabeth Perez refinanced the mortgage on their home located in Laveen, Arizona. Defendant First American Title Insurance Company issued the title insurance policy for the refinancing. Plaintiffs were charged a $1,508 premium for the title insurance – the basic insurance rate.

On May 23, 2008, Plaintiffs filed a class action complaint against Defendant alleging unfair discrimination pursuant to A.R.S. § 20-448(C) and unjust enrichment under Arizona common law. Dkt. #1-1 at 6-21. Plaintiffs allege that Defendant discriminated against them and other class members in violation of A.R.S. § 20-448(C) by arbitrarily denying them a discount rate while offering it to other refinancing Arizona homeowners who had similar risks. *Id.* ¶¶ 48-50. Plaintiffs further allege that Defendant was unjustly enriched by charging the basic insurance rate rather than the discount rate. *Id.* ¶¶ 60-66.

Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court

certified a class defined as follows:

> All persons who did not receive the revamping/refinancing discount rate and who (i) prior to November 19, 2007, paid premiums to Defendant First American Title Insurance Company or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property (a parcel that is or will be used for a one to four family residence, townhouse, condominium or similar property) located in Maricopa County, Arizona, or (ii) on or after November 19, 2007, paid premiums to Defendant or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property located in Maricopa County, Arizona and who had a prior policy of lender's title insurance on the property within five years of the refinance.

Dkt. #102 at 13-14.

As required by the Court and after completing relevant discovery (Dkt. #108), the parties filed memoranda on the temporal scope of the class. Dkt. ##169, 186, 189, 190. A hearing was held on April 9, 2010. Dkt. #196. In an order dated April 14, 2010 (Dkt. #198), the Court found that as to each class member whose claim arose outside the applicable limitations period, individual issues would predominate over common issues because a plaintiff-by-plaintiff inquiry would be required to determine when a plaintiff's claim accrued under the discovery rule and whether the limitations period was tolled due to fraudulent concealment on the part of Defendant (*id.* at 2-10). The Court concluded, therefore, that the class must be defined to exclude individuals with claims that may be time-barred. *Id.* at 10. Pursuant to Rule 23(c)(1) and (5), the Court divided the class into the following subclasses:

> **Class for members asserting unfair discrimination and unjust enrichment claims:** All persons who did not receive the revamping/refinancing discount rate and who (1) on or after May 23, 2007 and before November 19, 2007, paid premiums to Defendant First American Title Insurance Company or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property (a parcel that is or will be used for a one to four family residence, townhouse, condominium or similar property) located in Maricopa County, Arizona, or (2) between November 19, 2007 and May 23, 2008, paid premiums to Defendant or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property located in Maricopa County, Arizona and who had a prior policy of lender's title insurance on the property within five years of the refinance.

> **Class for members asserting only unjust enrichment claims:** All persons who did not receive the revamping/refinancing discount rate and who, on or after May 23, 2005 and before May 23, 2007, paid premiums to Defendant First American Title Insurance Company or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property (a parcel that is or will be used for a one to four family residence,

1    townhouse, condominium or similar property) located in Maricopa County,
     Arizona.
2    *Id.* at 10-11.

3         Because Plaintiffs refinanced their mortgage in September 2005 (Dkt. #1-1 at 16,

4    ¶ 45), they are not members of the classes asserting both unfair discrimination and unjust

5    enrichment claims.    Counsel for Defendant asserted at the hearing that the unfair

6    discrimination claim should be decertified for lack of an adequate class representative.

7    Plaintiffs' counsel requested leave to amend the complaint in order to substitute class

8    representatives. The parties have filed memoranda on this issue. Dkt. #203, 204, 206, 207.

9    For reasons that follow, the Court will deny leave to amend and decertify the unfair

10   discrimination claim.

11        "[A] fundamental requirement in the establishment of a subclass is that the

12   representative plaintiff must be a member of the class she wishes to represent[.]" *Betts v.*

13   *Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005-06 (9th Cir. 1981); *see Gen. Tel. Co.*

14   *of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that 'a class

15   representative must be part of the class[.]'") (citations omitted); *Sosna v. Iowa*, 419 U.S. 393,

16   403 (1975) ("A litigant must be a member of the class he or she seeks to represent at the time

17   the class action is certified by the district court."); *Burka v. N.Y. City Transit Auth.*, 110

18   F.R.D. 595, 601 (S.D.N.Y. 1986) ("A final prerequisite to certification of any subclass is a

19   finding that the subclass representative is a member of the subclass that he seeks to

20   represent."); *Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2007 WL 4568972,

21   at *5 (E.D.N.C. Dec. 21, 2007) (plaintiffs "are not members of any of the other proposed

22   subclasses and therefore can not serve as representative of those parties"). This "member of

23   the class" prerequisite "'is inherent in the real party in interest requirement prescribed by

24   Rule 17(a) and is reinforced by the statement in Rule 23(a) that *one or more members of a*

25   *class* may sue or be sued as representative parties.'" *EEOC v. Gen. Tel. Co. of Nw, Inc.*, 599

26   F.2d 322, 327 (9th Cir. 1979) (citation and quotation marks omitted; emphasis added). The

27   prerequisite is "strictly applied" where private litigants wish to serve as class representatives.

28        Because Plaintiffs are not members of the subclasses asserting the unfair

1  discrimination claim, those subclasses must be decertified absent substitution of class

2  representatives. *See Betts*, 659 F.2d at 1005-06; *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*,

3  431 U.S. 395, 404 (1977). Plaintiffs seek "leave to solicit, vet, and propose a substitute class

4  representative to prosecute the statutory discrimination claim." Dkt. #207 at 5. Plaintiffs

5  assert that leave to amend should be freely given under Rule 15. *Id.* Although Rule 15

6  embodies a liberal amendment policy, *see* Fed. R. Civ. P. 15(a)(2), that is not the standard

7  to be applied in this case. The Court has issued orders establishing case management

8  deadlines. Dkt. ##32, 108. Rule 16 provides that deadlines established in a case

9  management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4).

10  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the

11  party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.).

12  Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

13  seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th

14  Cir. 1992); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

15      In this case, the Court's Second Case Management Order established a deadline for

16  amending pleadings:

17          2.    <u>Deadline for Joining Parties, Amending Pleadings, and Filing
       Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings,
18     and filing supplemental pleadings is **60 days** from the date of this Order.

19  Dkt. #108 at 1 (emphasis in original). The order was entered on September 29, 2009,

20  creating an amendment deadline of November 28, 2009. Plaintiffs' request for leave to

21  amend is more than four months late, and Plaintiffs do not provide good cause for the

22  tardiness.

23      Plaintiffs assert that the need for substitute class representatives arose only after the

24  Court created time-based subclasses on April 9, 2010. Dkt. #207 at 5. But the subclasses

25  were necessary in light of Defendant's statute of limitations defense. *See* Dkt. #198. That

26  defense was first raised in the motion to dismiss filed nearly two years ago. Dkt. #6. In

27  opposing class certification in July 2009 (Dkt. #90), Defendant explicitly argued that "the

28  class should not include individuals whose claims are time-barred" (*id.* at 24). Plaintiffs had

1    actual notice of the possible need for new class representatives well before the amendment

2    deadline of November 28, 2009. The Court cannot conclude that Plaintiffs were unable to

3    meet the amendment deadline through reasonable diligence. Plaintiffs therefore have not

4    established good cause to extend the deadline.

5          Plaintiffs assert that leave to amend would pose no prejudice to Defendant. Dkt. #207

6    at 5. But good cause, rather than prejudice, is the relevant inquiry. "Although the existence

7    or degree of prejudice to the party opposing the modification [of the amendment deadline]

8    might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

9    party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Where that party has

10   not been diligent, the inquiry ends and the motion is denied. *Id.*; *Zivkovic v. S. Cal. Edison*

11   *Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

12          This suit is more than two years old. *See* Dkt. #1-1 at 6-2. Discovery is now largely

13   complete and the parties soon will file motions for summary judgment. Dkt. #108 at 2-3; *see*

14   Dkt. #217. The Court will not permit the filing of amended pleadings at this late stage of the

15   litigation. Plaintiffs' request for leave to amend will be denied. *See Burdick v. Union Sec.*

16   *Ins. Co.*, No. CV 07-4028 ABC (JCx), 2009 WL 4798873, at *8 (C.D. Cal. Dec. 9, 2009)

17   (denying leave to substitute new class representatives where the plaintiffs failed to establish

18   good cause to amend their complaint); *Williams v. Boeing Co.*, No. C98-761P., 2005 WL

19   2921960 at *10 (W.D. Wash. Nov. 4, 2005) (same); *Sanchez v. Wal Mart Stores, Inc.*, No.

20   Civ. 2:06-CV-02573-JAM-KJM., 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009)

21   (denying leave to amend where the plaintiff "failed to identify what new class representative

22   would be adequate or how class certification would be appropriate with this new unidentified

23   plaintiff").

24          The Court will decertify the unfair discrimination class for lack of an adequate class

25   representative. Plaintiffs note, correctly, that with respect to the unjust enrichment claim,

26   they adequately can represent those class members who paid premiums on or after May 17,

27   2007 and before November 19, 2007. Dkt. #207 at 4 n.1. Pursuant to Rule 23(c)(1) and (5),

28   the unfair discrimination claim is decertified and the class definition for the unjust

enrichment claim (*see* Dkt. #198 at 10-11) is revised as follows:

> All persons who did not receive the revamping/refinancing discount rate and who on or after May 23, 2005 and before November 19, 2007, paid premiums to Defendant First American Title Insurance Company or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property (a parcel that is or will be used for a one to four family residence, townhouse, condominium or similar property) located in Maricopa County, Arizona.

*See Falcon*, 457 U.S. at 160 ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

**IT IS ORDERED:**

1.    The unfair discrimination claim (Dkt. #1-1 at 17-19, ¶¶ 48-59) is decertified.

2.    The class definition for the unjust enrichment claim (Dkt. #198 at 10-11) is revised as set forth above.

DATED this 8th day of June, 2010.

_____
David G. Campbell
United States District Judge