**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>First American Title Insurance Company,<br><br>Defendant. | No. CV-08-1184-PHX-DGC<br><br>**ORDER** |

The Court's Second Case Management Order, entered on September 29, 2009, established a discovery deadline of June 4, 2010. Doc. 108. On May 28, 2010, the Court held a conference call with the parties at Plaintiffs' request. During the call, Plaintiffs made an oral motion to compel production of documents and electronic information. Doc. 217. The Court directed the parties to file memoranda on the issues raised in the motion, fully intending to rule promptly. The parties completed the briefing as directed, Docs. 218, 224, 227, but the Court unfortunately lost track of the issue and did not rule promptly. When the Court discovered its error, it set a status conference for August 17, 2010. Doc. 234. The status conference was held, and the Court will now rule consistent with the directions provided during the status conference. Doc. 236. Plaintiff's motion to compel will be granted in part and denied in part.

Plaintiffs seek three categories of discovery: (1) the closing files for potential class

members in Defendant's possession, (2) the same type of documents in the possession of Defendant's agents, and (3) data maintained in Defendant's FAST, STARS, and WinTrack databases in a format that permits Plaintiffs to examine the structure of each database and the relationships between different data fields and entries. Doc. 218 at 2-3. Defendant objects to the requests for closing files on the grounds that they are untimely, unduly burdensome, and prejudicial in that they would require a significant modification to the case management schedule. Doc. 224 at 1-2. Defendant argues that the request for electronic data is impermissibly vague and may prove to be unduly burdensome and costly. *Id.*

## I. The Closing Files in Defendant's Possession.

Plaintiffs assert that they timely requested production of closing files in Defendant's possession three times: in their third set of pre-certification document requests dated March 24, 2009 (Doc. 218-6), in their first set of post-certification document requests dated October 19, 2009 (Doc. 218-3), and in their second set of post-certification document requests dated April 20, 2010 (Doc. 218-1). Doc. 218 at 3- 6. Defendant argues that the first time Plaintiffs specifically requested "closing files" was in a meet-and-confer email sent May 13, 2010 (Doc. 221-1 at 3-4), more than three weeks after the deadline for serving written discovery had expired. Doc. 224 at 2-4. The Court agrees.

The document request dated March 24, 2009 does not seek closing files, but instead requests "policies and procedures" governing what documents must be maintained in closing files. Doc. 218-6 at 7, ¶ 34.

The document request dated October 19, 2009 seeks documents "identified, referred to or described" in Defendant's response to Plaintiffs' first set of post-certification interrogatories. Doc. 218-3 at 6, ¶ 1. Interrogatory 7 requests borrower-specific information for certain title insurance policies issued by Defendant. Doc. 226-5 at 11. Plaintiffs assert that in response to interrogatory 7, Defendant refers to and describes documents that constitute "closing files," that is, "physical inventory of 'jackets,'" "policy forms," and certain files that would require "manual file review" in order to identify the loan policies issued in Maricopa County. Doc. 218 at 4-5. Defendant notes that it objected to

- 2 -

interrogatory 7 as overbroad, unduly burdensome, and irrelevant (Doc. 226-5 at 11), that it identified general categories documents without relying on any specific documents or files, and that it referenced a manual file review only to illustrate the burdensome nature of the interrogatory. Doc. 224 at 4; *see* Doc. 226-5 at 11-13. The Court concludes that the document request dated October 19, 2009 (Doc. 218-3 at 6, ¶ 1) cannot reasonably be construed as a request for closing files.

The document request dated April 20, 2010 seeks documents "sufficient to identify the name and address" of potential class members. Doc. 218-1 at 4, ¶ 1. Plaintiffs do not explain, and it is not otherwise clear to the Court, how this constitutes a request for entire closing files.

Plaintiffs knew how to request closing files prior to the deadline for serving written discovery. As Plaintiffs themselves recognize (Doc. 218 at 6), the subpoenas served on Defendant's agents in early November 2009 contain detailed requests for relevant closing files (*see, e.g.*, Doc. 218-8 at 7-8). Given those specific and detailed requests, the Court cannot construe the document requests served on Defendant (Docs. 218-1, -3, -6) as seeking production of closing files. The Court accordingly finds that Plaintiffs have not timely requested production of closing files in the possession of Defendant.

**II.     The Closing Files in the Possession of Defendant's Agents.**

With respect to the closing files sought from Defendant's agents, Plaintiffs bring their motion to compel only against those agents who are represented by counsel for Defendant: All American Title Agency, LLC, Alliance Title Partners, LLC, First Valley Title, Hamilton Title Agency, LLC, Russ Lyon Title, LLC, Title Partners of Tucson, LLC, and Transcontinental Title Company. Doc. 218 at 2 n.1. Defendant does not dispute that Plaintiffs timely requested closing files from those agents in subpoenas served in November 2009. Defendant notes that the agents timely objected to producing entire closing files in mid-December 2009, that those objections are sound under Rule 45, and that Plaintiffs have taken no steps to avoid imposing undue burden and expense in light of the objections. Doc. 224 at 5-6. Defendant contends that Plaintiffs' last-minute demand for the production

1  of entire closing files by the non-party agents is untimely. *Id.* at 6.

2  The agents represented by counsel for Defendant objected to the requests for closing
3  files on the grounds that they are overbroad as to temporal scope, they are unduly
4  burdensome because they call for file-by-file reviews, and production of entire closing files
5  would result in the disclosure of confidential and private customer information. *See, e.g.*,
6  Doc. 218-10 at 5. As the parties moving to compel production over timely objections,
7  Plaintiffs have the burden of showing the appropriateness of the subpoenas served on the
8  non-party agents. *See Wi-Lan Inc. v. Research in Motion Corp.*, No. 10cv859-W (CAB),
9  2010 WL 2998850, at *3 (S.D. Cal. July 28, 2010). Plaintiffs complain that the agents have
10 asserted "boilerplate" objections (Doc. 218 at 7), but do not explain why the objections are
11 unfounded or otherwise improper. Thus, Plaintiffs have not met their burden of showing that
12 the agents should be compelled to produce entire closing files.

13 The Court also concludes that Plaintiffs waited too long before seeking to compel
14 production of these documents. Objections to the subpoenas were served in December of
15 2009. Plaintiffs did not seek to compel production until May 28, 2010, only five business
16 days before the close of fact discovery. This left too little time for the objecting entities to
17 respond to the substantial production request before the close of discovery. Because
18 Plaintiffs clearly could have sought to compel production months earlier, the Court concludes
19 that Plaintiffs could not have shown good cause to extend the discovery period to permit
20 production. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)
21 (Rule 16's good cause standard primarily considers the diligence of the party seeking the
22 amendment. The district court may modify the pretrial schedule only if it cannot be met
23 through reasonable diligence.).

24 **III.    Data Contained in Defendant's Computer Systems.**

25 The parties agree that Plaintiffs timely requested data contained in Defendant's FAST,
26 STARS, and WinTrack computer systems (*see* Docs. 218-1, -3, -6), and that Defendant has
27 produced a substantial amount of data to Plaintiffs (Docs. 218 at 7, 224 at 7-8). Plaintiffs
28 claim that Defendant has limited the data to fields that it has determined to be relevant and

has denied Plaintiffs access to the systems to determine whether other data fields will assist in identifying potential class members. Doc. 218 at 7. Defendant asserts that it has produced descriptions of fields in the form of data dictionaries, record layouts, and through deposition testimony. Doc. 224 at 8. Defendant further asserts that it would take months to create new electronic databases for production, and costs could exceed $2 million. *Id.* at 9. Plaintiffs counter that they have not asked Defendant to create entirely new databases, but merely seek the ability to determine for themselves what data may be relevant to the identification of class members. Doc. 227 at 3.

The parties agree that to the extent the names and addresses of absent class members can be determined, direct mail notice should be provided. Docs. 218 at 8, 235 at 2. Indeed, Defendant has moved for decertification on the ground that Plaintiffs are not able to provide timely and sufficient notice to class members. Doc. 235. Plaintiffs assert that access to the computer systems will enable them to identify potential class members and thereafter provide adequate notice. Doc. 218 at 8-9.

The Court finds, on the present record, that decertification is too harsh a result for any dilatory or inadequate discovery practices on the part of Plaintiffs. The Court will allow Plaintiffs a limited, but reasonable, opportunity to discover the identities of potential class members through the data bases.

Defendant shall provide Plaintiffs reasonable access to the FAST, STARS, and WinTrack computer systems at one of Defendant's offices. Defendant may supervise, but not interfere with, Plaintiffs' use of those systems. Plaintiffs' access to the computer systems is limited by the class definition (Doc. 222 at 6) and is conditioned on adherence to the parties' protective agreement and "claw-back" provision. Each side shall bear their own review and copying costs.

**IT IS ORDERED:**

1. Plaintiffs' motion to compel (Docs. 217, 218) is **granted in part** and **denied in part**.

2. The parties shall comply fully with the requirements set forth above by

**September 28, 2010**.

3. Defendant's motion for decertification (Doc. 235) is **denied** without prejudice.
4. A conference call to address modifications to the second case management order (Doc. 108) is set for **October 5, 2010, at 3:00 p.m.**

DATED this 27th day of August, 2010.

_____
David G. Campbell
United States District Judge