**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>First American Title Insurance Company,<br><br>Defendant. | No. CV-08-1184-PHX-DGC<br><br>**ORDER** |

Pursuant to Rules 23(b)(3) and (c) of the Federal Rules of Civil Procedure, the Court has certified the following class for the unjust enrichment claim:

> All persons who did not receive the revamping/refinancing discount rate and who on or after May 23, 2005 and before November 19, 2007, paid premiums to Defendant First American Title Insurance Company or its agents for the purchase of lender's title insurance in connection with refinance loans on residential property (a parcel that is or will be used for a one to four family residence, townhouse, condominium or similar property) located in Maricopa County, Arizona.

Doc. 222; *see* Docs. 102, 198. Defendant has filed a motion for decertification with respect to class members who purchased policies from agents of Defendant and who cannot be provided individual notice. Doc. 235. The motion is fully briefed. Docs. 243, 253, 255, 256. For reasons that follow, the motion will be granted.[1]

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To this end, Rule 23 provides that in any class action certified under subdivision (b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Supreme Court has made clear that "individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

For the vast majority of class members who purchased policies from agents of Defendant, Plaintiffs propose to provide notice by publication, that is, a combination of press releases, a website, and paid advertisements in print media and on radio stations. Docs. 243 at 2, 253 at 8-10. Individual mail notice is not required, Plaintiffs assert, because "the identification of those class members is not possible without extraordinary efforts that go beyond those required by Rule 23 or due process considerations." Doc. 243 at 4. The Court does not agree.

In seeking certification under Rule 23(b)(3), Plaintiffs recognized that they would need to review individual closing files in order to obtain "the information necessary to identify those refinancing homeowners who were denied the discount to which they were entitled." Doc. 68 at 19. Noting that such information is "readily available," Plaintiffs argued that the fact that "a paper file review might require additional work does not warrant the denial of class certification." *Id.* The Court agreed, stating in its certification order that "[e]ven if it takes a substantial amount of time to review files and determine who is eligible for the discount, that work can be done during discovery." Doc. 102 at 11.

Plaintiffs had more than a year to conduct discovery (Docs. 32, 108), but did not do the work necessary to "identify [all] individuals who are eligible for the discounts and did

1 not receive them" (Doc. 102 at 11). That work could have been accomplished with 2 reasonable effort. Plaintiffs requested relevant closing files from many of Defendant's agents 3 in subpoenas served in November 2009. *See, e.g.*, Doc. 218-8. Objections to the subpoenas 4 were served one month later (*see* Doc. 218-10 at 5), but Plaintiffs did not seek to compel 5 production until May 28, 2010 (Doc. 217), only five business days before the close of fact 6 discovery (Doc. 108). As the Court previously found, Plaintiffs "clearly could have sought 7 to compel production months earlier[.]" Doc. 237 at 4. Had they done so, they would have 8 had ample time to review the closing files and identify absent class members.

9 The "reasonable effort" required by Rule 23(c)(2)(B) "is a function of anticipated 10 results, costs, and amount involved." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 11 1088, 1099 (5th Cir. 1977). "A burdensome search through records that may prove not to 12 contain *any* of the information sought clearly should not be required." *Id.* (emphasis added). 13 But Plaintiffs do not dispute that a review of relevant closing files would have revealed 14 information necessary to identify most class members who received agent-issued policies. 15 Doc. 68 at 19. Instead, Plaintiffs "shy from undertaking the effort." *In re Nissan*, 552 F.2d 16 at 1099.

17 While some agents have incomplete records or have gone out of business (Doc. 243 18 at 9 n.4), that does not relieve Plaintiffs of their obligation to review the files that are 19 available. "The fact that not every member of the class can receive the best notice does not 20 mean that everyone gets the least notice." *Larson v. Sprint Nextel Corp.*, No. 07-5325 (JLL), 21 2009 WL 1228443, at *9 (D.N.J. Apr. 30, 2009).

22 Plaintiffs claim that the cost of obtaining closing files would exceed $100,000 23 (Doc. 243 at 7), but have not shown this amount to be unreasonable under the circumstances. 24 Moreover, "[t]here is nothing in Rule 23 to suggest that the notice requirements can be 25 tailored to fit the pocketbooks of particular plaintiffs." *Eisen*, 417 U.S. at 176.

26 Plaintiffs' reliance on *Alberton v. Commonwealth Land Title Insurance Co.*, No. 06- 27 3755, 2010 WL 1049581 (E.D. Pa. Mar. 17, 2010), is misplaced. The plaintiffs in that case 28 made reasonable efforts to provide the best notice possible, identifying nearly two-thirds of

1 the potential class through records produced by the defendant "and through third-party
2 discovery." *Id.* at *3.

3 "'Class actions are unique creatures with enormous potential for good and evil.'"
4 *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir. 1982) (citation
5 omitted). Rule 23 "'establishes a procedural framework designed to protect against the
6 shortcomings of the class action device.'" *Id.* Among the important protections for classes
7 certified under Rule 23(b)(3) is the requirement that members of the class be provided
8 "the best notice that is practicable under the circumstances, including individual notice to all
9 members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see*
10 *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). "[T]he import of this
11 language is unmistakable. Individual notice must be sent to all class members whose names
12 and addresses may be ascertained through reasonable effort." *Eisen*, 417 U.S. at 173; *see*
13 *Alberton*, 2010 WL 1049581, at *2; *Larson*, 2009 WL 1228443, at *3. "[T]his 'mandatory
14 notice is designed to fulfill requirements of due process to which the class action procedure
15 is of course subject.'" *Besinga v. United States*, 923 F.2d 133, 136 (9th Cir. 1991) (quoting
16 Fed. R. Civ. P. 23, Advisory Comm. Notes (1966 Am.)).

17 Class members who purchased policies from agents of Defendant were identifiable
18 through reasonable effort. The failure to provide individual notice to those members denies
19 them due process and the opportunity "to make an intelligent choice as to whether to opt
20 out." *Valentino v. Carter-Wallace*, 97 F.3d 1227, 1234 (9th Cir. 1996); *see* Fed. R. Civ. P.
21 23(c)(2)(B)(v). It also denies Defendant its "distinct and personal interest in seeing the entire
22 plaintiff class bound by res judicata just as [Defendant] is bound." *Phillips Petro. Co. v.*
23 *Shutts*, 472 U.S. 797, 805 (1985); *see Eisen*, 417 U.S. at 176 (the individual notice
24 requirement of Rule 23(c)(2)(B) "was intended to insure that the judgment, whether
25 favorable or not, would bind all class members who did not request exclusion from the suit").

26 The discovery period closed more than five months ago (Doc. 108), and the deadline
27 for sending notice to class members is quickly approaching (Doc. 242). Good cause does not
28 exist to extend those deadlines given that Plaintiffs have not acted with reasonable diligence

in discovering the identities of members of the class. *Mullane*, 339 U.S. at 317; *see* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court concludes that the class must be decertified with respect to class members who purchased policies from agents of Defendant and who cannot be provided individual notice as required by Rule 23(c)(2)(B). *See Valentino*, 97 F.3d at 1234-35 (vacating certification order where there were "serious due process concerns about whether adequate notice under Rule 23(c)(2) can be given to all class members"); *Sheinberg v. Sorensen*, No. 00-6041 (JLL), 2007 WL 496872, at *2 (D.N.J. Feb. 8, 2007) (decertifying class "based on plaintiffs' failure to issue a class notice pursuant to Rule 23(c)(2)(B)"). Given this ruling, and because Defendant seeks only partial decertification (Doc. 235 at 3), the Court need not consider Defendant's argument that Plaintiffs and their counsel cannot adequately protect the interests of the class (*id.* at 5). The parties shall file a joint revised class definition by **December 1, 2010**. If the parties are unable to agree on the appropriate revision, they promptly shall place a joint conference call to the Court.

**IT IS ORDERED:**

1. Defendant's motion for decertification (Doc. 235) is **granted**.
2. Pursuant to Rules 23(c)(1)(C) and (2)(B), the class is **decertified** with respect to class members who purchased policies from agents of Defendant and who cannot be provided individual notice.
3. The parties shall, by **December 1, 2010**, file a joint revised class definition.
4. Plaintiffs shall mail notice to members of the class by **December 10, 2010**.
5. Class members shall have until **January 25, 2011** to respond to the notice and opt out of the class.
6. Plaintiffs shall notify Defendant of the class members who have opted out of the class by **February 7, 2011**.
7. The deadline for filing dispositive motions is **February 21, 2011**.

8. All other terms of the Court's Second Case Management Order (Doc. 108) remain in effect.

DATED this 22nd day of November, 2010.

David G. Campbell
United States District Judge