**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>First American Title Insurance Company,<br><br>                Defendant. | No. CV-08-1184-PHX-DGC<br><br>**ORDER** |

Plaintiffs move for additional discovery (Doc. 268) and Defendant moves for class decertification (Doc. 259). The motions have been fully briefed. For reasons that follow, the Court will deny both motions and set a schedule for completion of this case.[1]

**I.      Motion for Discovery.**

Plaintiffs move for additional limited discovery in order to validate the model of class members they have developed after obtaining electronic discovery ordered by this Court. Doc. 268. Plaintiffs request a Rule 30(b)(6) deposition to clarify certain matters related to the data obtained, production of a subset of data that Plaintiffs' experts recently learned is informative, and production of HUD-1 closing files for the narrower list of transactions that Plaintiffs identified after court-ordered discovery. *Id.* at 9-11. Defendant opposes on the ground that the discovery period is closed, Plaintiffs have not

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

shown good cause to amend the discovery deadline, and Defendant will be prejudiced if discovery is reopened. Doc. 276 at 9-13, 17. Defendant also contends that Plaintiffs' request clearly establishes that Plaintiffs do not have sufficient evidence to prove liability without the HUD-1 closing files, and that this new discovery request should be denied in light of the Court's August 27, 2010 order (Doc. 237) denying Plaintiffs discovery of closing files due to lack of diligence. *E.g.*, Doc. 276 at 2, 8.

A case management schedule entered under Rule 16 of the Federal Rules of Civil Procedure "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

Plaintiffs argue that they have been diligent. *E.g.*, Doc. 268 at 9-10. Based on court-ordered discovery of electronic materials, Plaintiffs' expert, Reed Simpson, created a model that allegedly identifies class members and the amounts they were charged. Doc. 286-3 at 9. Mr. Simpson asserts he is "confident that the data [Plaintiffs] now have contains all of the necessary information to accomplish this purpose." *Id.* Nonetheless, he asserts that "it has not been possible to obtain answers to specific questions that would resolve ambiguities in the data or verify certain reasonable assumptions arising from the data." *Id.* He requests a sample of the closing files to "verify certain findings." *Id.*

This case has been pending for more than three years. The Court entered an initial case management order on January 16, 2009, and established a period of class certification discovery that would end on May 8, 2009. Doc. 32. Following the

completion of this discovery and briefing on class certification, the Court held a class certification hearing on July 31, 2009. Doc. 100. During the hearing, the Court and the parties discussed the extensive discovery that might be necessary if the class was certified. Doc. 103 at 57-58. This included an individualized review of closing files. *Id.* The Court entered an order that certified the class on August 12, 2009. Doc. 102. The order specifically noted that Plaintiffs may need to conduct a file-by-file review to identify members of the class and prepare for trial. *Id.* at 11 ("Even if it takes a substantial amount of time to review files and determine who is eligible for the discount, that work can be done during discovery. Plaintiffs can then identify the individuals who are eligible for the discounts and did not receive them. . . . [W]hile this issue may involve a file-by-file review, it will not require a file-by-file trial.").

Following certification of the class, the Court held a second case management conference. Plaintiffs' portion of the Rule 26(f) report submitted in preparation for the conference stated that much of the discovery would be of electronic data, but that a review of individual closing files might also be necessary. Doc. 106 at 5 ("Depending on the availability, content and detail of the electronic data files, it may also be necessary to engage in file review of the title insurance or loan files or obtain production of those files or of particular documents from the files."). The Court held the second case management conference on September 25, 2009, and set a schedule for completing discovery in this case (Doc. 108). The schedule provided that the parties would have until June 4, 2010, to complete fact discovery, and until August 20, 2010, to complete expert discovery. *Id.* at 2-3. The order also contained this caution: "<u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly." *Id.* at 5 (emphasis in original).

Near the close of fact discovery, the parties contacted the Court and requested a discovery conference call so Plaintiffs could request additional time for discovery. Doc. 217. After briefing of the issue, the Court entered an order that largely denied

Plaintiffs' request. Doc. 237. The Court denied Plaintiffs' request that Defendant be required to produce closing files, noting that despite the eight-month period established for fact discovery, Plaintiffs had not requested the files until three weeks *after* the deadline for written discovery. *Id.* at 2-3. The Court found "that Plaintiffs have not timely requested production of closing files in the possession of Defendant." *Id.* at 3.

The Court also denied Plaintiffs' request that the Court order Defendant's independent agents to produce closing files. Although Plaintiff had served subpoenas on the agents and had received objections to the subpoenas in December of 2009, Plaintiffs did not seek to compel disclosure until May 28, 2010, five days before the close of fact discovery. The Court held:

> This left too little time for the objecting entities to respond to the substantial production request before the close of discovery. Because Plaintiffs clearly could have sought to compel production months earlier, the Court concludes that Plaintiffs could not have shown good cause to extend the discovery period to permit production. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16's good cause standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule only if it cannot be met through reasonable diligence.).

*Id.* at 4.

Plaintiffs also sought additional time to complete discovery of electronic data. Although the Court found that Plaintiffs had been less than diligent on this subject as well, it also concluded that denying the additional electronic discovery would effectively result in decertification of the class. The Court permitted limited additional discovery to avoid such a harsh result:

> The Court finds, on the present record, that decertification is too harsh a result for any dilatory or inadequate discovery practices on the part of Plaintiffs. The Court will allow Plaintiffs a limited, but reasonable, opportunity to discover the identities of potential class members through the data bases.

> Defendant shall provide Plaintiffs reasonable access to the FAST, STARS, and WinTrack computer systems at one of Defendant's offices. Defendant may supervise, but not interfere with, Plaintiffs' use of those systems. Plaintiffs' access to the computer systems is limited by the class definition (Doc. 222 at 6) and is conditioned on adherence to the parties' protective agreement and "claw-back" provision. Each side shall bear their own review and copying costs.

*Id.* at 5. The Court extended the discovery period to September 28, 2011, to permit this additional discovery. *Id.* at 5-6. During the ensuing few months, the Court held a number of conference calls with the parties to resolve disputes over the electronic discovery (*e.g.*, Docs. 238, 241), and even extended the discovery deadline to October 13, 2011, to accommodate Plaintiffs' need to complete discovery. Doc. 242.

In short, Plaintiffs have been afforded ample time to complete their class and merits discovery in this case. The Court denied Plaintiffs a further opportunity to obtain closing files because of their lack of diligence, but repeatedly extended the period for Plaintiffs to complete necessary electronic discovery.

Plaintiffs now ask the Court to reopen discovery and permit them to obtain copies of closing files, arguing that they need only a subset of the files and only for the limited purpose of verifying their model. Doc. 268 at 9-11; Doc. 286-3 at 9. They appear to contend that their previous request for closing files was made for the purpose of establishing liability, and that now they can establish liability based on electronic data whose discovery was ordered by the Court. *Cf.* Doc. 286 at 10. Because they now seek only a sample of the closing files to verify a model that could only have been developed after court-ordered discovery, the argument goes, the Court's prior denial of access to the files is not relevant to the present inquiry. *See id.* The Court disagrees.

Plaintiffs have known from the outset of this case that discovery of closing files would likely be necessary for them to prepare their case. This fact was addressed at the class certification hearing in July of 2009. Plaintiffs started the discovery period by seeking to obtain closing files by subpoena from Defendants' independent agents.

Plaintiffs then failed to follow up on the subpoenas and failed to request closing files from Defendant until three weeks after the deadline for serving written discovery. The Court concludes that Plaintiffs could, through reasonable diligence, have obtained all of the discovery they needed during the many months allowed for discovery in this case. As noted above, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment" of a court-ordered deadline. *Johnson*, 975 F.2d at 609; *Coleman*, 232 F.3d at 1294. Where that party has not been diligent, the inquiry ends and the motion is denied. *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 609.

Plaintiffs assert that they could not have sought some of the discovery because Defendant misled them about its availability. Defendant vigorously disputes this accusation. But even if it is true that the need for some information only became clear after Plaintiffs obtained electronic data and had it analyzed by their experts, the Court concludes that the discovery of the data could have been completed much earlier in this case and the additional discovery could have been sought within the ample time allowed for discovery. The Court cannot conclude that the discovery deadlines could not "reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). As a result, Plaintiffs have not shown good cause to extend the discovery deadline, and additional discovery will be denied.

## II.     Motion for Decertification.

Defendant seeks to decertify the class on the ground that Plaintiffs are inadequate class representatives. Doc. 259.[2] Defendant makes two key arguments regarding Plaintiffs' alleged inadequacy: (1) Defendant may assert defenses unique to Plaintiffs that will dispose of the case, and (2) Plaintiffs' failure to conduct diligent discovery has prejudiced the class and is indicative of Plaintiffs' inability to vigorously represent the

---

[2] Defendant also argues that Plaintiffs are no longer part of the certified class after this Court's partial decertification order dated November 22, 2010 (Doc. 257). As Plaintiffs correctly point out in their response, this argument is moot in light of the parties' stipulation to the current class definition (Doc. 262).

- 6 -

1 interests of absent class members. *Id.* at 5-8. Plaintiffs respond that any unique defenses were waived, and that Defendant's admission in a case in the Eastern District of Pennsylvania can easily dispose of some of these defenses. Doc. 263 at 2, 10. Plaintiffs also argue that the class has not been prejudiced because they have been able to, despite Defendant's alleged hiding of the ball, obtain enough information to move forward with the case. *Id.* at 3-4. The Court need not address the merits of Plaintiffs' arguments because Defendants have not shown that a court is required to decertify even if Defendants' contentions are assumed true.

A district court has discretion to decertify a class at any time before a decision on the merits. *Vizcaino v. United States Dist. Court for W. Dist. of Wash.*, 173 F.3d 713, 721 (9th Cir. 1999); *see Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."). In an employment discrimination class action, *O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864 (9th Cir. 1982), *overruled on other grounds by Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir. 1987), the Ninth Circuit held that a district court did not abuse its discretion in decertifying a class where the named plaintiffs failed, after 2½ years, to produce evidence of class-wide discrimination in employment termination. *O'Brien*, 670 F.2d at 869. The court reasoned that plaintiffs' failure "may have been due to inadequate representation of the class interests rather than to absence of classwide discrimination," and decertifying to avoid res judicata effect on the class was not an abuse of discretion. *See id.* The court did not, however, reach the issue of whether vulnerable claims of a named plaintiff should result in decertification of the entire class. *Id.* For that issue, the court cited four cases that it found informative: *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 405-08 (1980); *E. Tex. Motion Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977); *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); and *Satterwhite v. Greenville*, 634 F.2d 231 (5th Cir. 1981).

None of these cases stand for the proposition that, after a class has been certified, the possibility that the named plaintiff may be subject to unique defenses requires decertification.[3] In *Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992), the Ninth Circuit agreed with other circuits that "a named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.* at 508 (internal quotation marks and citation omitted). *Hanon* is inapposite, however, because class certification already occurred in this case.

Although *O'Brien* recognizes that a court may decertify to avoid prejudice to the class that would arise from a final judgment against non-diligent named plaintiffs, *O'Brien* does not require the Court to decertify at this time. Moreover, Plaintiffs and class counsel assert that they have sufficient evidence to proceed with the case on behalf of the class despite earlier delays. Defendant's motion will therefore be denied.

**III.   New Schedule.**

By **March 25, 2011**, Plaintiffs shall provide notice to members of the class. Class members will be allowed until **May 13, 2011**, to respond to the notice and opt out of the class. By **May 20, 2011**, Plaintiffs shall notify Defendant of the class members who have opted out. The parties shall file dispositive motions by **June 3, 2011**.

**IT IS ORDERED:**

1. Plaintiffs' motion for discovery (Doc. 268) is **denied** as stated above.

2. Defendant's motion to decertify (Doc. 259) is **denied**.

3. Defendant's motion to seal (Doc. 284) is **granted**. The Clerk has sealed the Declaration of Bruce McFarlane (Doc. 269) and the Declaration of Reed Simpson (Docs. 270, 271).

---

[3] In fact, *Satterwhite v. Greenville* suggests the opposite conclusion. *Carpenter v. Austin State Univ.*, 706 F.2d 608, 617-18 (5th Cir. 1983).

4.  The parties shall follow the new schedule set forth above.

Dated this 1st day of March, 2011.

_____
David G. Campbell
United States District Judge