**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Perez and Elizabeth Perez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>First American Title Insurance Company,<br><br>Defendant. | No. CV-08-01184-PHX-DGC<br><br>**ORDER** |

Plaintiffs have filed an unopposed motion for an award of attorneys' fees and costs in the amount of $300,000. Doc. 353 at 15. Defendant filed a response stating that the motion is unopposed because the amount is consistent with the Settlement Agreement reached by the parties and noting that the Court may, in its discretion, award a lesser amount. Doc. 357 at 1-2; *see* Doc. 352 (order approving Settlement Agreement). For the reasons set forth below, the Court finds the requested fee award appropriate and reasonable and will grant Plaintiffs' motion.

**I.    Appropriateness of Fees.**

"[T]he parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees." *Williams v. MGM-Pathe Communications Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997) (citing *Evans v. Jeff D.,* 475 U.S. 717, 734-35, 738 n. 30 (1986)). Plaintiffs brought claims on behalf of themselves and class members, alleging that Defendant First American Title Insurance Company

("First American") overcharged them for the purchase of title insurance. After three years of contested litigation, the parties negotiated a class settlement with the assistance of a Ninth Circuit mediator. Doc. 353 at 3. Upon further mediated negotiations, the parties agreed that Defendants would separately pay Plaintiffs' attorneys' fees and costs, not to exceed $300,000. *Id.*, Doc. 357 at 1, referencing Settlement Agreement § III. F. Having reached this agreement through proper negotiations, the Court finds that Plaintiffs' fee request is warranted.

**II.     Reasonableness of Fees.**

    **A.     Lodestar Amount.**

Where, as here, Defendants have agreed to pay attorneys' fees separately from the fund set aside for the class, the fees are based on the lodestar amount rather than a percentage of the relief granted. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (explaining two methods of fee calculations). The lodestar amount consists of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* The hours must be reasonable in relation to the success achieved. *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994).

Plaintiffs have submitted declarations from counsel for three law firms, representing a total of 2,875.49 hours expended on behalf of Plaintiffs in this litigation. Doc. 354 at 2, 354-2 at 1; 355 at 8; 356-1 at 1. The Court is familiar with the facts of this case and the manner in which it was litigated over the past three years and concludes that this number is reasonable. As Plaintiffs point out, class counsel conducted extensive discovery, issuing three sets of interrogatories and document requests, taking ten depositions, reviewing over 90,000 pages of documents, and making site visits to First American to retrieve electronic data. Docs. 353 at 10-11, 356, ¶ 12. Counsel also achieved some success for their efforts, obtaining class certification and partial summary judgment, resulting in a settlement projected to refund 100% of overcharges for qualifying class members. Doc. 353 at 4, 11, 12.

The hourly rate for individual attorneys at the three firms ranges up to $625

(Doc. 355 at 8), $650 (Doc. 354-2 at 1) and $675. Doc. 355 at 8. The Court finds these rates to be at the high end of the reasonable range. The resulting lodestar amount for all three firms is over $1.4 million. Doc. 353 at 8. As Plaintiffs point out, however, the $300,000 cap in fees effectively reduces the average hourly rate to approximately $105. *Id.* Because the Settlement Agreement significantly reduces the lodestar amount, the Court concludes that Plaintiffs' request for the full, allowable amount of fees is reasonable.

### B.     Other Guidelines.

The Ninth Circuit has adopted a number of guidelines for determining the reasonableness of attorneys' fees, many of which have been subsumed by the lodestar analysis. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1972) (adopting the twelve *Johnson* guidelines from the Fifth Circuit); *Morales v. San Rafael*, 96 F.3d 359, 364, 364 n. 9, 10, 11 (9th Cir. 1996) (noting that courts need not recite the *Kerr* factors, but need only consider those not subsumed in the lodestar amount). Plaintiffs raise several considerations in relation to these guidelines in addition to those discussed above, including that the litigation presented complex technical issues of data retrieval and interpretation and that the level of effort from class counsel precluded their work on other cases while they assumed the risk of non-payment. Doc. 353 at 12-14. The Court agrees that the novelty and complexity of the litigation and the risks and contingent nature of the litigation also weigh in favor of granting Plaintiffs the full $300,000 in attorneys' fees.

### C.     Costs.

Plaintiffs present evidence that they expended an additional $555,205.78 in costs. Doc. 353 at 15. The Court has already determined that Plaintiffs are entitled to the full $300,000 award. Because costs are subsumed in this amount, the Court will not separately discuss the reasonableness of the claimed costs.

**IT IS ORDERED:**

1. Plaintiff's Unopposed Motion for Attorneys' Fees (Doc. 353) is **granted**. Pursuant to the Settlement Agreement between the parties, attorneys' fees and costs in the total amount of $300,000 are awarded in favor of Plaintiffs and against Defendant.

Dated this 14th day of May, 2012.

_____
David G. Campbell
United States District Judge